1  ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
   REBECCA L. TORREY, State Bar No. 153866
2    rtorrey@elkinskalt.com
   NICOLE L. GUTIERREZ, State Bar No. 292528
3    ngutierrez@elkinskalt.com
   2049 Century Park East, Suite 2700
4  Los Angeles, California  90067-3202
   Telephone: 310.746.4400
5  Facsimile: 310.746.4499

6  Attorneys for Plaintiff Skybell
   Technologies, Inc.
7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11  SKYBELL TECHNOLOGIES, INC., a          CASE No.
    Nevada Corporation,
12                                         **COMPLAINT FOR:**
                 Plaintiff,
13                                            1. Breach of Contract;
          v.                                  2. Breach of Fiduciary Duty;
14                                            3. Breach of Duty of Loyalty;
    DAWN MARTIN, an individual,               4. Conversion;
15                                            5. Violation of California Penal
                 Defendant.                      Code Section 502;
16                                            6. Violation of Computer Fraud
                                                 and Abuse Act Under 18 U.S.C.
17                                               Section 1030;
                                              7. Misappropriation of Trade
18                                               Secrets Under Defend Trade
                                                 Secrets Act, 18 U.S.C. Section
19                                               *1836 et seq.*; and
                                              8. Violation of Cal. Bus. & Prof.
20                                               Code Section 17200 *et seq.*
21
                                           **JURY TRIAL DEMANDED**
22

23

24

25

26

27

28

Plaintiff SkyBell Technologies, Inc. ("SkyBell Technologies", "Company" or "Plaintiff") alleges against Defendant Dawn Martin ("Martin" or "Defendant") as follows:

## INTRODUCTION

1.     SkyBell Technologies is a smart home security company that is making homes and neighborhoods safer – starting with the front door.  SkyBell's Video Doorbell allows homeowners to see, hear and speak to a visitor at their door from a smartphone.  The Company provides home security solutions throughout the United States and to a global market in many other countries.

2.     In June 2016, SkyBell Technologies hired Defendant as Vice President, Finance.  Six months later she was promoted to Vice President, Finance and Human Resources.  In that role Defendant obtained access to the Company's most confidential and proprietary information and relationships.  Unbeknownst to SkyBell Technologies, Martin had little interest in supporting the Company's success and instead focused on ways to benefit herself financially beyond the generous salary she enjoyed.  Soon after taking charge of the payroll process, Martin began issuing herself fraudulent expense checks nearly every pay period and granting herself bonuses almost as frequently, engaging in what amounted to poorly disguised theft.  Additionally, she accessed the Company's data and records to download large amounts of financial and personnel information from Company systems for her own personal use in direct violation of her employment covenants. Martin's covert activities, recklessly taking place in the workplace during working hours and also by remote access, were a deliberate attempt to harm the Company at a time when the Company was a young growing company in need of additional capital and vulnerable.

3.     Despite her position with the Company, Martin began to disrupt operations, first sporadically and then systematically.  She repeatedly ignored requests and directions of the CEO, refused to perform time sensitive financial

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   transactions and sought to undercut collaboration among the team. When SkyBell
2   Technologies retained experienced consultants to assist to raise capital to finance its
3   rapid growth, she deliberately interfered with their initiatives and refused to provide
4   access to financial information and accounting systems necessary for their roles.
5   While appearing to perform some job duties, Martin covertly downloaded SkyBell
6   Technologies' database of electronic files containing confidential financial, banking,
7   technical, personnel, vendor, customer and prospect information, eliminated
8   financial information from SkyBell Technologies' systems, and withheld access to
9   key systems and files in order to cover up her dishonesty and lack of know-how.

10          4.     Martin compounded the disruption she created by not reporting to work
11  and withholding login and password access to necessary financial and payroll
12  systems, inviting termination of her employment as a result of her systematic
13  insubordination and disrespect. She went so far as to deliberately lock the President
14  and CFO out of critical Company files to hide her serious misconduct and refused to
15  cooperate in the transition of her duties.

16          5.     Defendant's motivation was to cover up, as long as she could, her theft
17  of Company funds totaling in excess of $180,000 and her misappropriation of digital
18  information. As SkyBell Technologies regained access to payroll and accounting
19  systems which she had held hostage, it began to uncover her financial irregularities
20  and then terminated her employment for good cause.

21          6.     Martin's dishonesty and misconduct, as further detailed below, has
22  caused Plaintiff substantial damage including, but not limited to, the loss of
23  Company assets and funds, the misuse of customer and personnel information and
24  reputational harm. This action seeks to vindicate Plaintiff's rights and hold Martin
25  liable for her intentional and malicious conduct.

26                          **THE PARTIES**

27          7.     Plaintiff SkyBell Technologies is a corporation duly organized and
28  existing under the laws of the state of Nevada with its principal place of business in

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    Irvine, California.

2          8.      Plaintiff is informed and believes, and thereon alleges, that defendant

3    Dawn Martin is an individual who resides in the County of Orange, California.

4    Martin worked for SkyBell Technologies from June 6, 2016 to November 14, 2017,

5    when she was terminated for good cause.

6                          **JURISDICTION AND VENUE**

7          9.      This action is based on, and seeks to redress violations of, the Defend

8    Trade Secrets Act of 2016, 18 U.S.C. Section 1836 et seq., and the Computer Fraud

9    and Abuse Act, 18 U.S.C. Section 1030.  Accordingly, the Court has jurisdiction

10   over this action pursuant to 28 U.S.C. § 1331, in that this action arises under the

11   laws of the United States, and has supplemental jurisdiction over the state law

12   claims.

13         10.     Venue in this judicial district is proper pursuant to 28 U.S.C.

14   §1391(a)(2) because a substantial part of the events or omissions giving rise to the

15   claims occurred in this judicial district and the defendant is a resident of California

16   and a resident of this judicial district.

17                          **GENERAL ALLEGATIONS**

18             **SkyBell Technologies' Business and Its Confidential**

19                        **and Proprietary Information**

20         11.     SkyBell Technologies is an technology innovator of home security

21   systems headquartered in Irvine, California.

22         12.     SkyBell Technologies' business is customer-driven.  As an integral part

23   of its business, SkyBell Technologies has developed, compiled and maintains a

24   central database ("Database") that contains detailed confidential, private,

25   proprietary, and trade secret information and data including, but not limited to,

26   customer and supplier names, contact information (including business and

27   residential addresses, e-mail addresses and telephone numbers).  The contents of the

28   Database are not generally known to the public and were compiled by SkyBell

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1    Technologies through private customer disclosures, substantial effort and business

2    development.

3        13.    SkyBell Technologies has also created and maintains in its central

4    Database detailed information about its finances and funding, financial partners,

5    personnel and payroll, advertising contacts and strategies, business targets,

6    development and expansion plans, innovations and technology, revenue projections

7    and goals, revenue histories and performance, and other financial data.  This

8    information is not generally known to the public, and was compiled by SkyBell

9    Technologies through substantial efforts.

10       14.    The confidential and proprietary information contained in the Database

11   has substantial value if acquired by any competitor, as it would allow a competitor

12   to hit the ground running and readily target SkyBell Technologies' suppliers and

13   customers, inform the competitor of its financial partners and their funding, disclose

14   customers' private identifying information, reveal the identity and location of

15   vendors and negotiated vendor rates, and also pinpoint future innovations and

16   development plans, and thereby allow the competitor to undercut SkyBell

17   Technologies' technologies, pricing and growth.  The Database also has substantial

18   value if acquired by any competitor, as it would allow a competitor to take

19   advantage of SkyBell Technologies' business targets, development and expansion

20   plans, revenue projections and goals, revenue histories and performance, and other

21   financial data, and otherwise allow the competitor to profit from SkyBell

22   Technologies' extensive and proprietary legwork in establishing and growing its

23   business.

24       15.    SkyBell Technologies has taken, and continues to take, substantial

25   steps to safeguard the secrecy of its confidential and proprietary information,

26   including but not limited to, imposing strict confidentiality standards in the SkyBell

27   Technologies employee handbook and related documentation, such as Employee

28   Proprietary Information and Inventions Agreement, requiring SkyBell Technologies

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  employees to sign acknowledgements under which they assume an obligation to
2  protect SkyBell Technologies' confidential and trade secret information from
3  disclosure and which limit employees' ability to unfairly and improperly exploit
4  their access to SkyBell Technologies' confidential and trade secret information for
5  their own benefit; entering into employment agreements with executive level
6  employees such as Defendant; maintaining confidential and trade secret information
7  on password protected computers; maintaining locked file cabinets containing
8  documentation concerning confidential and trade secret information; securing and
9  limiting access to SkyBell Technologies' facilities in which its confidential and
10 proprietary information is maintained by requiring the use of electronic security
11 identification keycards provided only to employees and to authorized contractors
12 and service providers; requiring all visitors to meet with employees in the lobby of
13 its facilities; and by requiring contracted parties who are provided access to SkyBell
14 Technologies' confidential and proprietary information on a need-to-know basis to
15 sign strict non-disclosure and confidentiality agreements imposing an obligation on
16 such parties to protect SkyBell Technologies' confidential and trade secret
17 information from disclosure.

### SkyBell Technologies Employs Martin Who Unequivocally Agrees to Protect Its Most Confidential And Proprietary Information

16.  On or about June 6, 2016, SkyBell Technologies hired Martin to work as Vice President, Finance on a full-time basis.

17.  Concurrent with her hiring, Martin signed an Employee Proprietary Information and Invention Agreement, acknowledging her agreement with its terms.

18.  The SkyBell Technologies' Employee Proprietary Information and Invention Agreement Martin signed provided that, among other terms:

- "I understand that the Company possesses and will possess Proprietary Information that is important to its business.  "***Proprietary Information***" is information that was or will be developed, created or discovered by or on behalf of the Company, or

which became or will become known by or was or is conveyed to the Company, which has commercial value in the Company's business …."

- "Proprietary Information includes, without limitation, information (whether conveyed orally or in writing) relating to (1) client/customer lists, vendor/supplier/partner lists, or other lists or compilations containing client, customer, vendor, supplier or partner information; (ii) information about products or services, proposed products or services, research, product development, know-how, ideas, techniques, technology, trade secrets, authorship, processes, costs, profits, markets, marketing plans, strategies, forecasts, sales or commissions; (iii) plans for future development (or possible future development) of products, services, features, or functionality; (iv) design, manufacturing, marketing, pricing, sales or distribution techniques or processes, documents, books, papers, drawings, schematics, models, sketches, computer programs, databases or other data, including electronic data recorded or retrieved by any means; (v) the compensation, performance and terms of employment or services of other employees, consultants or independent contractors; … (viii) any information described above which the Company obtains from another party and which the Company treats as proprietary or confidential or designates as Proprietary Information; (ix) financial information, and (x) information related to the Company's business partners or joint venturers."

- "I understand that the Company possesses or will possess Company Materials which are important to its business.  For purposes of this agreement, "***Company Materials***" are documents or other media or tangible items that contain or embody Proprietary Information or any other information concerning the business, operation or plans of the Company, whether such documents have been prepared by me or by others.  Company materials include, without limitation, files, …charts, graphs, notebooks, customer lists, client lists, vendor lists, supplier lists, partner lists, computer software, media or printouts, sound recordings and other printed, typewritten or handwritten documents …"

- "All Proprietary Information and Company Materials . . . shall be the sole property of the Company . . . . At all times, both during my employment with or service to the Company and after its termination, I will keep in confidence and trust and will not use or disclose any Proprietary Information, Company Materials or anything relating to it without the prior written consent of an officer of the Company …"

- "I agree that during my employment with the Company, I will not remove any Company Materials from the business premises of the Company or deliver any Company Materials to any person or entity outside the Company, except as I am required to do in connection with performing my duties for the Company.  I further agree that, immediately upon the termination of my employment or service by me or by the Company for any reason, or for no reason or during my employment or period of service if so requested by the Company, I will return all Company Materials, … or any reproduction of such property …."

19.    Martin was promoted to Vice President, Finance and Human Resources, and continued to work for SkyBell Technologies through November 14,

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

2017.  Throughout her employment, she held a position of trust and confidence as an executive and was provided access to SkyBell Technologies' confidential and proprietary information including, but not limited to information maintained in SkyBell Technologies' Database and otherwise.

20.     Further, similar to many other businesses, SkyBell Technologies' employees are issued company owned laptop computers that enable the user to access and store on the laptop's internal drive both in the office and remotely and on the mobile device confidential, proprietary, and trade secret protected information belonging to SkyBell Technologies and its customers.  Authorized users are granted access to such confidential, proprietary, and trade secret protected information to better serve SkyBell Technologies and its customers.  Thus, Martin as a SkyBell Technologies employee had access to all confidential, proprietary, and trade secret protected information belonging to SkyBell Technologies and its customers through her company-issued laptop.

### Martin Obstructs Business Functions and Appropriates
### SkyBell Technologies' Proprietary Information for Her Own Purposes

21.     Despite her significant role with the Company, Martin began a campaign of deliberately obstructing and interfering with business needs during a critical period of growth throughout 2017.  She failed to reconcile and produce supporting documentation verifying the amounts owed by the Company under the terms of a large promissory note, despite clear instruction from the CEO to do so and despite understanding the mission critical nature of understanding the details of that important relationship.

22.     Martin ignored or refused to comply with basic financial information requests from Company consultants whose work was halted or slowed because of her intransigence.

23.     Martin refused to attend critically important scheduled meetings, including a meeting with the CEO to discuss the transfer of access rights and the

1  requirement that she begin reporting to the CFO. This insubordinate action, or

2  inaction, directly interfered with the professional operation of the Company at a

3  time when important business decisions needed to be taken.

4        24.     Repeatedly, despite express oral and written instructions by the CEO

5  and COO to grant the interim CFO access to company QuickBooks, ADP Payroll

6  and other critical financial information, Martin refused to do so.

7        25.     Martin even locked the company's Human Resources consultant out of

8  the office in response to direction from the CFO to provide employee payroll

9  processing information. Rather than limiting uncooperative behavior to consultants,

10  she doubled down on her disruptive, and willfully harmful behavior by also locking

11  out both the CEO and CFO.

12        26.     After she was placed on administrative leave pending an internal

13  investigation, SkyBell Technologies discovered Martin's motive for withholding

14  and concealing such critical information and disrupting management's access. She

15  sought to cover up her own financial irregularities and the misapplication of

16  Company funds to benefit herself, including issuing herself unauthorized "bonuses"

17  and unsubstantiated "expense reimbursements". SkyBell Technologies gained

18  access to the evidence of her irregularities only because it was able to persuade ADP

19  to make payroll information available despite Martin's obstruction.

20        27.     In addition to causing the Company to suffer significant financial losses

21  through her embezzlement of funds, she harmed the Company during an important

22  fund raising effort by creating the appearance that the Company was not a

23  professionally operated organization.

24        28.     Martin was terminated from her employment for good cause and

25  provided written notice of numerous grounds for her termination. The termination

26  letter included a demand that she return all of SkyBell Technologies' property,

27  including all company data and equipment, all keys and electronic devices, the

28  company laptop and Windows user ID/password, every access code and password to

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

all company accounts, including payroll and benefits, bank accounts, accounting and financial accounts, insurance accounts, customer and vendor online portals, computer, social media, and accounts with federal, state and local taxing authorities. SkyBell Technologies sent a courier to retrieve everything, and offered, if needed, to assist her in returning any company data, including digital data on any personal device. She made little effort to cooperate and continues to withhold massive amounts of electronic data belonging to the Company.

29.    Over the course of the past couple of weeks, Martin has returned very little information, namely a few access codes and passwords and a Company-issued laptop, which she attempted to wipe clean of her nefarious activities. Her feeble efforts failed to provide what SkyBell Technologies needed to ameliorate the significant harm she had caused. Management had repeatedly requested both before and at the time of her departure, that she provide every access code and password to all Company accounts which she had not already provided, including but not limited to payroll and benefits, bank accounts, accounting and financial accounts, insurance accounts, customer and vendor online portals, computer, social media, and accounts with federal, state and local taxing authorities. Such critically important information, finally now available to the Company, was ultimately recovered from other channels with considerable delay and effort due to her complete lack of cooperation and stonewalling.

30.    Thus, in direct violation of the policies and contractual obligations by which she was bound while employed by SkyBell Technologies, Martin was plotting, scheming, and conspiring to compile and convert key, valuable confidential data from SkyBell Technologies' Database along with other proprietary information; to obstruct SkyBell's relationships with employees, vendors, financial partners, customers and prospective customers; and to interrupt and transfer SkyBell Technologies' business to its competitors.

///

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

31.     Plaintiffs are informed and believe, and thereon allege, that rather than cease and desist from her unlawful conduct, and return the electronic files and proprietary information of SkyBell Technologies, Martin continues through the present to use SkyBell Technologies' Database to interfere with its business. Martin's conduct, as alleged above, has caused Plaintiff  substantial damages including, but not limited to, the loss of substantial funds as well as reputational harm.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (Against Martin)

32.     SkyBell Technologies refers to and incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33.     Martin entered into a written Employment Agreement and written Employee Proprietary Information and Invention Agreement with SkyBell Technologies.

34.     As further detailed above, the Employee Proprietary Information and Invention Agreements permitted Martin to use SkyBell Technologies' confidential and proprietary information only for the purpose of her employment with SkyBell Technologies and to not disclose or use its confidential and proprietary information for any other purpose.

35.     SkyBell Technologies has fulfilled all of its obligations and complied with any and all conditions and agreements of the contracts that it is required to perform, except as to the performance of those obligations and conditions that has been excused.

36.     SkyBell Technologies is informed and believes, and thereon alleges, that Martin has committed multiple material breaches of her Agreements, as set forth in detail above, including but not limited to, overpaying herself without

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1   authorization and converting and using SkyBell Technologies' confidential and
2   proprietary information to steal its business and further her own interests.

3        37.    As a direct and proximate result of Martin's breaches of her
4   Employment Agreement and Employee Proprietary Information and Invention
5   Agreements, SkyBell Technologies has been damaged in an amount in excess of the
6   minimum jurisdictional limits of this Court, which amount will be proved at trial.

7   **SECOND CAUSE OF ACTION**
8   **Breach of Fiduciary Duty**
9   (Against Martin)

10        38.    SkyBell Technologies refers to and incorporates by reference the
11   allegations contained in paragraphs 1 through 37 of this Complaint, as though fully
12   set forth herein.

13        39.    At all times relevant hereto, Martin owed a fiduciary duty to SkyBell
14   Technologies, insofar as she was employed by SkyBell Technologies in an
15   executive position of trust and confidence.  This imposed on Martin the duty to
16   serve SkyBell Technologies, to not engage in actions to further her own interests
17   and profit to the detriment of SkyBell Technologies, to act in good faith towards
18   SkyBell Technologies, and to perform her duties faithfully and properly.

19        40.    SkyBell Technologies alleges that Martin breached this duty and
20   abused the trust and confidence of SkyBell Technologies, both during and after her
21   service with SkyBell Technologies, by disclosing and using SkyBell Technologies'
22   confidential and proprietary information in order to harm SkyBell Technologies and
23   by misusing Company funds by overpaying herself bonuses and issuing bogus
24   expense reimbursements.  The misappropriated Database will allow Martin to
25   capitalize on the legwork previously performed by SkyBell Technologies in her next
26   endeavor.

27        41.    SkyBell Technologies alleges that Martin knowingly and intentionally
28   acted against SkyBell Technologies' interests and in favor of her own interests.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

42.     As a direct result of Martin's breaches, SkyBell Technologies has been damaged in an amount to be determined according to proof at trial.

43.     SkyBell Technologies alleges that Martin's conduct alleged above was undertaken with the intent to injure SkyBell Technologies, or with a willful and conscious disregard of SkyBell Technologies' rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles SkyBell Technologies to an award of punitive damages against Martin in an amount sufficient to deter Martin from similar conduct in the future.

### THIRD CAUSE OF ACTION

Breach of Duty of Loyalty

**(Against Martin)**

44.     SkyBell Technologies refers to and incorporates by reference the allegations contained in paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

45.     At all times relevant hereto, Martin owed a duty of loyalty to SkyBell Technologies as an employee.  This duty imposed on Martin the duty to faithfully serve SkyBell Technologies, to not engage in actions to further her own interests and profit to the detriment of SkyBell Technologies, to act in good faith towards SkyBell Technologies, and to perform her duties faithfully and properly.

46.     SkyBell Technologies alleges that Martin breached this duty and abused the trust and confidence of SkyBell Technologies, both during and after her service with SkyBell Technologies, by disclosing and using SkyBell Technologies' confidential and proprietary information in order to harm SkyBell Technologies and by misusing Company funds by overpaying herself bonuses and issuing bogus expense reimbursements to supplement her income.  The misappropriated Database will allow Martin to capitalize on the legwork previously performed by SkyBell Technologies in her next endeavor.

///

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

47. SkyBell Technologies alleges that Martin knowingly and intentionally acted against SkyBell Technologies' interests and in favor of her own interests.

48. As a direct result of Martin's breaches, SkyBell Technologies has been damaged in an amount to be determined according to proof at trial.

49. SkyBell Technologies alleges that Martin's conduct alleged above was undertaken with the intent to injure SkyBell Technologies, or with a willful and conscious disregard of SkyBell Technologies' rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles SkyBell Technologies to an award of punitive damages against Martin in an amount sufficient to deter Martin from similar conduct in the future.

## FOURTH CAUSE OF ACTION

### Conversion

### (Against Martin)

50. SkyBell Technologies refers to and incorporates by reference the allegations contained in paragraphs 1 through 49 of this Complaint, as though fully set forth herein.

51. At all relevant times, SkyBell Technologies owned the Database, as alleged above, and owned the funds in its accounts.

52. SkyBell Technologies has an advantage over its competitors because of its confidential, proprietary Database.

53. Martin was entrusted with confidential and proprietary information in connection with her employment at SkyBell Technologies. Martin knowingly and intentionally exercised dominion over, took, and/or made unauthorized use of SkyBell Technologies' Database, as described above, and certain funds. Specifically, Martin wrongfully converted the Database, which included SkyBell Technologies' confidential and proprietary information and trade secrets, by improperly and secretly diverting SkyBell Technologies' confidential and proprietary information from SkyBell Technologies with the intention to

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

permanently deprive SkyBell Technologies of its property and to use such for Martin's own gain.  Martin further wrongfully converted the Database by improperly and secretly deleting SkyBell Technologies' proprietary information, including confidential customer information, from SkyBell Technologies' Database with the intention to permanently deprive SkyBell Technologies of its property for the benefit of Martin.

54.     Martin further wrongfully converted significant funds of SkyBell by paying herself unauthorized bonuses and bogus expense reimbursements to which she was not entitled.

55.     As a direct and proximate result of Martin's wrongful conduct, SkyBell Technologies has suffered, and continues to suffer, economic loss and other general and specific damages, including, but not limited to, damage to business reputation, lost profits, lost revenue and lost business opportunities, among other damages, all in an amount to be determined according to proof at the time of trial.

56.     SkyBell Technologies alleges that Martin's conduct alleged above was undertaken with the intent to injure, defraud, and permanently deprive SkyBell Technologies of its property and assets, or with a willful and conscious disregard of SkyBell Technologies' rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles SkyBell Technologies to an award of punitive damages against Martin in an amount sufficient to deter her from similar conduct in the future.

## FIFTH CAUSE OF ACTION

### Violation of California Penal Code Section 502

### (Against Martin)

57.     SkyBell Technologies refers to and incorporates by reference the allegations contained in paragraphs 1 through 56 of this Complaint, as though fully set forth herein.

///

58.     SkyBell Technologies is informed and believes, and thereon alleges, that on a repeated and systematic basis, Martin has knowingly accessed, provided, or assisted in providing access to SkyBell Technologies' Database in violation of her employment agreements and thus without permission, in violation of California Penal Code § 502(c)(7).

59.     Furthermore, SkyBell Technologies is informed and believes, and based thereon alleges, that Martin has, without permission, taken and copied, or assisted in taking and copying, data from SkyBell Technologies' computer system, and has used the data on that system in violation of California Penal Code §§ 502(c)(1) and (2).

60.     Furthermore, SkyBell Technologies is informed and believes, and based thereon alleges, that Martin has knowingly and without SkyBell Technologies' permission altered, damaged, deleted, and/or destroyed data on SkyBell Technologies' computer system, in violation of California Penal Code § 502(c)(4).

61.     Furthermore, SkyBell Technologies is informed and believes, and based thereon alleges, that Martin has knowingly and without SkyBell Technologies' permission altered, damaged, deleted, and/or destroyed data on SkyBell Technologies' computer system in furtherance of Martin's scheme to defraud SkyBell Technologies and/or wrongfully obtained SkyBell Technologies' property and data, in violation of California Penal Code § 502(c)(1).

62.     As alleged in more detail hereinabove, these violations have damaged SkyBell Technologies by, among other things, fraudulently diverting SkyBell Technologies' confidential and proprietary information, and customers, to herself and others.

63.     Pursuant to California Penal Code § 502(e), SkyBell Technologies is entitled to compensatory and punitive damages, attorneys' fees, and other legal and equitable relief as prayed for in this Complaint.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Elkins Kalt Weintraub Reuben Gartside LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

64.     SkyBell Technologies alleges that Martin's conduct alleged above was undertaken with the intent to injure SkyBell Technologies, or with a willful and conscious disregard of SkyBell Technologies' rights, and constitutes clear and convincing evidence of outrageous, oppressive, malicious, and fraudulent conduct that entitles SkyBell Technologies to an award of punitive damages against Martin in an amount sufficient to deter her from similar conduct in the future.

## SIXTH CAUSE OF ACTION

### Violation of Computer Fraud and Abuse Act Under 18 U.S.C. Section 1030
### (Against Martin)

65.     SkyBell Technologies refers to and incorporates by reference the allegations contained in paragraphs 1 through 64 of this Complaint, as though fully set forth herein.

66.     SkyBell Technologies' computers are involved in interstate and foreign communication.

67.     SkyBell Technologies is informed and believes, and thereon alleges, that Martin has intentionally accessed SkyBell Technologies' computers without authorization or in excess of authorized access, and, through interstate or foreign communication, obtained information from those computers, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C).

68.     Furthermore, SkyBell Technologies is informed and believes that Martin knowingly, and with intent to defraud, has accessed SkyBell Technologies' computers without authorization or in excess of authorized access immediately prior to her termination, and by means of such conduct furthered her intended fraud and obtained items of value greater than $5,000 over a one-year period, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

69.     Furthermore, SkyBell Technologies is informed and believes, and thereon alleges, that Martin has knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caused

1   damage without authorization, to a protected computer; intentionally accessed a

2   protected computer without authorization, and as a result of such conduct, recklessly

3   caused damage; or intentionally accessed a protected computer without

4   authorization, and as a result of such conduct, caused damage and loss in violation

5   of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5).

6        70.    Under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g),

7   SkyBell Technologies is entitled to an injunction, damages, and other legal and

8   equitable relief as prayed for in this Complaint.

9   **SEVENTH CAUSE OF ACTION**

10  **Misappropriation of Trade Secrets Under Defend Trade Secrets Act**

11  **Under 18 U.S.C. Section 1836, et seq.**

12  (Against Martin)

13       71.    SkyBell Technologies refers to and incorporates by reference the

14  allegations contained in paragraphs 1 through 70 of this Complaint, as though fully

15  set forth herein.

16       72.    SkyBell Technologies' confidential, proprietary and trade secret

17  information include but are not limited to customer names, customer contact

18  information (including residence addresses, e-mail addresses, telephone numbers,

19  and fax numbers), customer service histories, information regarding potential

20  customers and vendors (including their contact information), media and advertising

21  contacts and strategies, business targets, development and expansion plans,

22  innovation and technology, revenue projections and goals, revenue histories and

23  performance, and other financial data of the  Company.

24       73.    SkyBell Technologies' confidential and proprietary information and

25  trade secrets have independent economic value and were not generally known or

26  readily ascertainable by persons or entities other than SkyBell Technologies.

27  ///

28  ///

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

74.     SkyBell Technologies' confidential and proprietary information and trade secrets are related to a service and/or product used in, or intended for use in, interstate or foreign commerce.

75.     SkyBell Technologies made and continues to make reasonable efforts to maintain the secrecy of its confidential, proprietary and trade secret information.

76.     While serving as an employee of SkyBell Technologies, Martin used, received, and had knowledge of SkyBell Technologies' confidential, proprietary and trade secret information.

77.     Martin has misappropriated and used SkyBell Technologies' trade secrets without express or implied consent for her own benefit.

78.     Martin's continued retention, disclosure, and use of confidential trade secrets and other confidential and proprietary information constitutes actual and threatened misappropriation of trade secrets pursuant to the Federal Defend Trade Secrets Act.

79.     SkyBell Technologies is informed and believes, and thereon alleges, that Martin maintains actual possession of SkyBell Technologies' trade secrets and continues to use, propagate and/or disseminate SkyBell Technologies' trade secrets creating an immediate and irreparable injury.  Accordingly, SkyBell Technologies seeks injunctive relief prohibiting Martin from using, propagating and/or disseminating SkyBell Technologies' trade secrets.

## EIGHTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17200, et seq.

#### (Against Martin)

80.     SkyBell Technologies refers to and incorporates by reference the allegations contained in paragraphs 1 through 79 of this Complaint, as though fully set forth herein.

81.     Martin's acts alleged herein, specifically, but not limited to Martin's misappropriation of SkyBell Technologies' confidential and proprietary information

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

for the purpose of disrupting SkyBell Technologies' business and stealing its customers, and Martin's  breaches of her duties of loyalty by taking SkyBell Technologies' Database which included confidential financial and personnel information, customer information, innovations and technology, and other trade secrets, constitute unlawful, unfair, or fraudulent business practice prohibited by Business and Professions Code Section 17200, et seq.

82.     As a direct and proximate result of Martin's wrongful and illegal acts, SkyBell Technologies has suffered and continues to suffer damage to its business and reputation.  SkyBell Technologies is entitled to recover from Martin the gains, profits and advantages she has obtained as a result of her wrongful and unlawful conduct, in an amount to be proven at trial, as well as recover the attorneys' fees and costs incurred by SkyBell Technologies in this action.

83.     SkyBell Technologies further requests injunctive relief prohibiting Martin's unlawful, unfair, and fraudulent business practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Martin as follows:

1.     For compensatory damages in an amount subject to proof at trial;

2.     For interest and prejudgment interest;

3.     For punitive damages

4.     For exemplary damages pursuant to 18 U.S.C. Section 1936(3)(C);

5.     For a temporary restraining order, preliminary injunction and permanent injunction prohibiting Martin from:

a.     accessing without authorization or in excess of authorized access, or damaging, SkyBell Technologies' computers;

b.     revealing, disseminating or disclosing SkyBell Technologies' confidential, proprietary and trade secret information to any person or entity for any reason or purpose whatsoever, or making use of such information for Martin's benefit or for the benefit of any other person or entity; and

COMPLAINT

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499

      c.    engaging in unlawful, unfair, and fraudulent business practices, including intentional interference with SkyBell Technologies' business relationships with its financial partners and customers.

6.    For restitution of all gains, profits and advantages obtained by Martin as a result of her wrongful and unlawful conduct, in an amount to be proven at trial.

7.    For an order directing the return to SkyBell Technologies of all wrongfully acquired property, including each and other copy, including electronic copies of the Database and its contents;

8.    For costs and expenses, including attorneys' fees; and

9.    For such other and further relief as this Court deems proper.

DATED:  January 2, 2018     ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: _____
    REBECCA L. TORREY
    Attorneys for Plaintiff Skybell Technologies, Inc.

COMPLAINT

1

## **JURY DEMAND**

2

3       Plaintiff Skybell Technologies, Inc. demands a jury trial as provided by the

4  Federal Rules of Civil Procedure.

5

   DATED:  January 2, 2018          ELKINS KALT WEINTRAUB REUBEN
6                                   GARTSIDE LLP

7

8

9  By: _____

10     REBECCA L. TORREY
       Attorneys for Plaintiff Skybell Technologies,
11     Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
2049 Century Park East, Suite 2700
Los Angeles, California 90067-3202
Telephone: 310.746.4400 • Facsimile: 310.746.4499